IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRYAN BLOUNT, AIS #225319, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. CV18-970-WHA |
| COMMISSIONER CULLIVER, et al., | ) |
| Defendants. | ) |

## AFFIDAVIT

My name is Vivian Ollison. I am over the age of twenty-one (21). I have been employed in the Classification Division of the Alabama Department of Corrections (ADOC) for twenty-nine (29) years as a Classification Specialist (1992-2008), a Classification Specialist Supervisor (2008-2013) and as a Classification Review Board Analyst (2013). I am currently serving as a Classification Review Analyst.

After a review inmate Bryan Blount's record, I offer the following information regarding his classification.

On November 13, 2017, inmate Billy Smith (AIS#250398) was assaulted and admitted to Jackson Hospital due to bleeding on the brain. An investigation into the incident revealed that inmate Bryan Blount was responsible for the assault on inmate Smith. Blount subsequently received disciplinary action for Rule 906 – Assault on an Inmate on December 21, 2017.

On December 27, 2017, inmate Blount was served advanced notification of reclassification due to his violent behavior. This notice indicated that the victim of the assault died and informed Blount that he would be reviewed for a custody increase to Close in accordance with the ADOC Classification Manual. Blount waived the twenty-four (24) hour notification requirement by his signature on December 27, 2017. I approved inmate Blount for an increase in custody to Close on December 28, 2017.

On September 18, 2018, a Close Custody Reduction Review Form was submitted by Classification personnel at Kilby Correctional Facility for review for reduction from Close custody to Medium custody. The form indicated that Blount was eligible for custody reduction since he had completed the required six (6) months in Close custody placement for assaulting another inmate. This was approved by the Assistant Classification Director, Angie Baggett, as she did not see at that time that the victim in the assault committed by Blount had died.

Inmate Blount was transferred from Kilby to St.Clair Correctional Facility on September 24, 2018. Upon review by Classification personnel at St. Clair, it was discovered that inmate Blount had been reduced from Close custody in error. According to page twenty-nine (29) of the ADOC Classification Manual, assaultive behavior resulting in death of a victim will require at least thirty (30) months in Close custody. Inmate Blount had only served approximately ten (10) months in Close. Thus, St. Clair Classification personnel was instructed to serve inmate Blount notice in this effect and recommend he return to Close custody placement for the remainder of the required time.

Inmate Blount was again served advanced notification on September 26, 2018 and waived the requirement by his signature. I approved inmate Blount for return to Close custody on October 2, 2018.

Inmate Blount is currently classified in accordance with ADOC policy. Blount's placement in Close custody is based on his documented assault and the subsequent death of inmate Billy Smith (AIS#250398). I have no knowledge of any of the other claims being made by inmate Blount.

*Vivian Ollison* (signature)

STATE OF ALABAMA:

COUNTY OF MONTGOMERY:

SWORN TO AND SUBSCRIBED before me this the 14th day of August, 2019.

Belinda Spencer
Notary Public
My Commission Expires 8/25/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRYAN BLOUNT, AIS #225319, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. CV18-970-WHA |
| | ) |
| COMMISSIONER CULLIVER, et al., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

I, Vivian Ollison, hereby certify that the attached documents are true, exact and correct photocopies of certain documents maintained within the institutional records of inmate Bryan Blount #225319. I am over the age of twenty-one (21) years and competent to testify to the aforesaid documents and matters stated within.

I further certify and affirm that said documents are maintained in the usual and ordinary course of business.

This I do hereby certify and affirm to on this the 14th day of August 2019.

_Vivian Ollison_
Vivian Ollison
Alabama Department of Corrections

SWORN TO AND SUBSCRIBED before me this the 14th day of August, 2019.

_Belinda Spencer_
Notary Public
My Commission Expires 8/25/2021

Alabama Department of Corrections  DISC006
## DISCIPLINARY REPORT
### 403A Final

| | |
|---|---|
| **Incident Report Number:** ELMCF-17-03033 | **Re-Initiation** |
| **1. Inmate:** BLOUNT, BRYAN ALEXANDER    **Custody:** MEDIUM | **AIS:** 00225319 |
| **2. Institution:** DRAPER CORRECTIONAL CENTER | **Disc #:** ELMCF-17-03033-1 |

**3. The above inmate is being charged by:**   W. M. Burks III, Correctional Lieutenant

**with a violation of the following Rule(s):**

906 - Assault on an Inmate

**From Administrative Regulation #403, which occured on or about:**

Nov 30 2017  9:00AM at Elmore Shift Office

**A hearing on this charge will be held after 24 hours from being served.**

**4. Circumstances of the violation(s) are as follows:**

On November 30, 2017, at approximately 9:00a.m., Correctional Lieutenant W. M. Burks III received information that inmate Bryan A. Blount BM/225319, assaulted inmate Billy M. Smith WM/250398, on November 13, 2017. The information was received from several confidential sources. The confidential sources have been used several times before. The information provided in the past has been truthful. Other information has been received to corroborate the confidential sources' given information. The information uncovered during the investigation has not given the confidential sources a reason to lie. The information from the confidential sources is reliable.

| | |
|---|---|
| 11/30/2017 | W. M. Burks III, Correctional Lieutenant / Lieutenant |
| Date | Arresting Officer Name / Title |

**5.** I hereby certify that on this 8th day of December, 2017, at (time) 13:58:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.

| | |
|---|---|
| Oliver, Ulysses | See Signed 403A (1-4) |
| Serving Officer Name / Title | Inmate's Signature / AIS Number |

**6. Witnesses desired?**   **NO:** _____   **YES:** See Signed 403A (1-4)
                                         Inmate's Signature                Inmate's Signature

**7. If yes, list:**   MAYES, JUSTIN MYLES / 00248891B
                       McClease, Joel
                       SMITH, PAUL / 00220888

**8. Hearing Date:**   December 14, 2017   **Time:** 16:00:00   **Place:** Draper Segregation Unit

**9.** Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach.

**10.** The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.

McKee, Charles
Hearing Officer Name / Title

**11.** A finding is made that the inmate is capable of representing himself / herself.

McKee, Charles
Hearing Officer Name / Title

**12. Plea:**   BLOUNT, BRYAN ALEXANDER / 00225319        **Not Guilty**

**13. Arresting Official's testimony (at the hearing):**

Alabama Department of Corrections                                                          DISC006

# DISCIPLINARY REPORT CONTINUATION ELMCF-17-03033-1
## 403A Final

On 11/30/17 at approximately 9:00am, I received information that inmate Blount assaulted inmate Billy Smith on November 13, 2017. The information that I received was from several confidential sources that have been used in the past and proven reliable. I also received additional information to corroborate the confidential sources information. The information uncovered during my investigation has given the confidential source no reason to give false information. My source information is reliable.

QBHO: Have your confidential source been used in the past? Yes
QBHO: Were your conficential source present at the time of the incident? Yes
QBHO: Who did your confidential source identify as the suspect? Inmate Bryan Blount
QBHO: How was inmate Blount identified? Via photo Line-up
QBHO: How many time has your confidential source been used in the past? approximatel 10 times.

**14. Inmate's testimony:**

" I Bryan Blount did not assault inmate Billy Smith".

Inmate Blount has questions for A.O. and witness attached.

**15. The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.**

McKee, Charles
Hearing Officer Name / Title

**16. The following witnesses were not called:**

| | |
|---|---|
| Witness: | MAYES, JUSTIN MYLES / 00248891B |
| Reason Not Called: | Justin Mayes voluntarily declined to appear. However, Justion Mayes did give a written statement, which denotes no direct knowledge of this incident. See attach statement. |
| Witness: | McClease, Joel |
| Reason Not Called: | Joel McClease decline to appear voluntarily. However, Joel McClease did give a written statement, which denotes no direct knowledge of this incident. See attached statement. |
| Witness: | SMITH, PAUL / 00220888 |
| Reason Not Called: | Paul Smith declined to appear voluntarily. However, Paul Smith did give a written statement, which denotes no direct knowledge of this incident. See attached statement. |

**17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):**

The hearing Officer finds that:

Hearing Officer finds that Lt. Burks received information from an reliable source that inmate Blount did assault inmate Billy Smith.

**18. Basis for finding of fact:**

Hearing Officer findings are based on the sworn testimony of Lt. Burks who stated under oath that his reliable sources did provide credible information that inmate Blount did assault inmate Billy Smith. Lt Burks sources have been used in the past approximately 10 times, were present at the time of the incident, have been proven reliable in the past. Also, Lt. Burks sources gave him no reason to blieve they were giving false information. Inmate Blount did have witnesses listed. However, they voluntarilty declined to attend hearing but did provide written statements. Written statements presented did not support inmate Blount not guilty plea. Inmate Listed as witnesses had not direct knowledge of the incident. Furthermore, inmate Blount did present questions for Arresting Officer and Witnesses. However, Hearing Officer beleives questions were not a credible enough defense to support inmate Blount not guilty plea.

**19. Hearing Officer's decision:** [X] Guilty   [ ] Not Guilty   [ ] Recommend for reinitiation

**20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:**

[ ] Counseling / Warning

[ ] Extra Duty for ____ days at ____ hours per day under supervision _____ Shift

[ ] Loss of Outside privileges for _____ days        **Community Based Institutions Only:**

[X] Loss of Canteen privileges for 45 days, as of 12/21/2017        [ ] Draw cut to __ (min $25) for __ days

[X] Loss of Telephone privileges for 45 days, as of 12/21/2017      [ ] Restriction / State Whites for _____ days

[X] Loss of Visiting privileges for 45 days, as of 12/21/2017       [ ] Loss of Passes for _____ days

[ ] Removal from Hobby Craft                                        [ ] Return to Inmate Staff for _____ days

Alabama Department of Corrections                                                    DISC006

## DISCIPLINARY REPORT CONTINUATION ELMCF-17-03033-1

### 403A Final

- [ ] Loss of Good Time _____ Yrs _____ Mos _____ Dys
- [X] Disciplinary Seg for 45 days
- [X] Recommend Custody Review
- [ ] Recommend Job Change
- [ ] Financial Compensation _____

McKee, Charles
Hearing Officer Name / Title

**21. Warden's Action - Date:** 12/21/2017

**Approved** Mary Cooks

**Disapproved**

**Other (specify)**

22. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the 27th day of December, 2017 at 11:28:00.

**23.** MILLS, LORENZO N                              Inmate Refused to Sign
Serving Officer Name / Title                          Inmate's Signature / AIS Number

**Procedural Requirements:**

1. The inmate was positively identified as the inmate that has the rule violation?                     Yes

2. The inmate was given written notice of charges at least 24 hours prior to the hearing?             Yes

3. The inmate was able to attend the hearing?                                                         Yes

4. If the inmate wanted witnesses, he/she was permitted to call at least (3) witnesses?               Yes

5. The inmate was allowed to prepare questions for the witnesses?                                     Yes

6. The hearing is being held within ten (10) working days from the date the inmate was served?        Yes

7. The inmate was provided ADOC assistance, if it was requested or warranted?                         Yes

Alabama Department of Corrections  DISC006
## DISCIPLINARY REPORT CONTINUATION ELMCF-17-03033-1
### 403A Final

8. Did the Arresting Officer use a confidential source?  Yes
   1. Has the source been used before?  Yes
   2. How many times has the source been used before?  10
   3. Was the information provided in the past truthful?  Yes
   4. Has other information been received to corroborate sources' given information?  Yes
   5. Has the information uncovered during the investigation given the source a reason to lie?  No
   6. Is the information from the confidential source reliable?  Yes

**Procedural Requirements Completed By:**   McKee, Charles

Distribution:   Original to Central Records Division
                Copy to:   I & I (If Federal or State law violated)
                           Inmate Institutional File
                           Board of Pardons and Parole
                           Sentencing Judge (if applicable)

**24 HOUR ADVANCE NOTIFICATION**
**OF PENDING RECLASSIFICATION**

| To: Blount, Bryan | 225319 | B/M | 12/27/17 |
|---|---|---|---|
| NAME | AIS# | R/S | DATE |

<u>Notice of Reclassification</u>: This is to inform you that on or after the 28th day of December 2017

You will meet a reclassification team to be considered for a change in custody and/or institutional assignment because: of your negative behavior while assigned to Draper CF in Medium/SL IV custody. On 12/21/17, you received a disciplinary for rv#906-assault on an inmate. On 11/13/17, the victim in this incident was transported to an outside hospital due to serious injuries. On 11/30/17, an investigation determined that you assaulted the victim. The victim in this incident did pass.

Due to your negative behavior, you no longer meet the criteria for Medium/ SL IV Custody. Therefore, your custody may increase up to Close with placement at any SL V facility.

This is not a disciplinary hearing. A reclassification team will review this matter and recommend changes, if needed, in your current placement or custody. At the reclassification meeting you will be given an opportunity to be heard, to present witnesses and to present documentary evidence.

_____   12-27-17   _____
Name of Serving Officer       Date               Witness

I understand that this is my notice of a reclassification meeting to determine changes in placement and/or custody. I have been given the opportunity to call witnesses in my behalf and have received a copy of this notice on ___12-27-17___ at ___1:31 PM___.
                          Date                        Time

_____
Signature of Inmate/AIS#

24 HR ADVANCE NOTIFICATION WAIVED BY INMATE: _____ 225319
                                              Signature of Inmate/AIS#

WITNESSES REQUESTED BY INMATE:

___NONE___   ___BB___ NONE

DISTRIBUTION: INMATE/INSTITUTIONAL FILE/CENTRAL FILE

# DUE PROCESS HEARING MINUTES

DATE: 12/27/17         TIME: 3:00pm

INMATE: Blount, Bryan         AIS#: 225319         R/S: B/M

HEARING OFFICER: Lt Nolen

PRESENTING EVIDENCE FOR THE STATE: B. Bates, Classification Supervisor

The hearing was called to order and the purpose of the Hearing was explained to Inmate Blount.

Presenting evidence for the State, B. Bates _____ reported as follows: On 12/21/17, subject received a disciplinary for rv#906-assault on an inmate. On 11/13/17, the victim in this incident was transported to an outside hospital due to serious injuries. On 11/30/17, an investigation determined that subject assaulted the victim. The victim in this incident did pass.

Written statement/documentation, evidence submitted: ELMCF-17-03033-1. No written statement provided by subject.

The inmate was then asked if he had anything to say on his behalf or in way of explanation as he replied as follows: Subject stated he did not assault the inmate.

Both sides were given an opportunity to ask questions: Both sides were given the opportunity to ask questions. None asked.

The decision was as follows: Close/V

I have been advised of the decision _____ [signature] 12/27/17
                                    Inmate Signature/Date
The hearing was adjourned

Form32

*Priority Segregation Transfer* SC5

DEC 28 2017

**ALABAMA DEPARTMENT OF CORRECTIONS**
**CLASSIFICATION SUMMARY**

CLAS001

AIS #: 00225319  NAME: BLOUNT, BRYAN ALEXANDER  RACE: B  SEX: M

EARNING STATUS: PROHIBITED FROM EARNING GOODTIME

CLASSIFYING INSTITUTION IS - DRAPER CORRECTIONAL CENTER
RECOMMMENDED CUSTODY IS - Close    APRROVED CUSTODY IS - Close
RECOMMMENDED INST IS - Any SLV    APRROVED PLACEMENT IS - SL5 facility

| PRESENT WORK ASSIGNMENT | NEW WORK ASSIGNMENT |
|---|---|
| PRIMARY - | |
| SECONDARY - | |
| PROGRAM PARTICIPATION - | |

WAIVER OF CRITERIA REQUESTED FOR -

JUSTIFICATION AND COMMENTS -

Reclass: Subject displayed negative behavior while assigned to Elmore CF in Medium/SL IV custody. On 12/21/17, subject received a disciplinary for rv#906-assault on an inmate. On 11/13/17, the victim in this incident was transported to an outside hospital due to serious injuries. On 11/30/17, an investigation determined that subject assaulted the victim. The victim in this incident did pass. This negative behavior does not warrant placement in Medium/SL IV custody, therefore, an increase in custody to Close with placement at any SL V facility is being recommended. HC-1/MH-0, Enemies: Staten and unassigned

CLASSIFICATION SPECIALIST  DATE     CLASSIFICATION CO-ORDINATOR  DATE  12/27/17 Reclass
_[signature]_ PA II  12/27/17                                                    Close
PSYCHOLOGIST  DATE                    CENTRAL REVIEW BOARD  DATE      SL5
_[signature]_  12/27/17
WARDEN OR REPRESENTIVE  DATE          CENTRAL REVIEW BOARD  DATE
_[signature]_  12-27-17
INMATE  DATE                          CENTRAL REVIEW BOARD  DATE

2/2022
NCF
MAO

## Close Custody Reduction Review Form

| | |
|---|---|
| Inmate Name: **Blount, Bryan** | AIS#: **225319** |

Facility: Kilby

The above inmate is being recommended by the IRHRB for reduction from Close custody to:
☐ Medium/Administrative Segregation   ☑ Medium/General Population

Date and Nature of Infraction(s) Leading to Current Placement:

12/21/2017   # 906 Assault on an Inmate

| | |
|---|---|
| Date placed in Restrictive Housing: | 11/30/17 |
| Date of Close custody approval: | 12/28/17 |
| Dates and descriptions of Disciplinaries during current Restrictive Housing placement: | 6/18/18 # 528 Cellphone, 3/5/18 # 311 Possession of Contraband, and 1/22/18 #926 Arson |
| Minimum Time Required in Close (according to criteria): | six months |
| Has Minimum time been served: | Yes ☑   No ☐ |
| Brief justification for reduction: | Inmate Blount has been disciplinary free for three months,. Recommending a custody reduction from Close to Medium SL V. |

| Date | 9/18/2018 |
|---|---|
| Specialist Signature | *Alicia White* |
| IRHRB Members | Warden Thomas, Warden Calloway, Captain Hudson, Lt. Mack |
| Classification Director /Assistant Director Signature | Date: *[signature]* 9/18/18 Med/V |

- Institutional demonstration of violent behavior such as fighting with a weapon, fighting without a weapon resulting in serious injury, an assault with serious injury, or assault with a weapon, may be reason for confinement in Close custody for at least six (6) months.

- Repeated and/or frequent (three or more) disciplinaries and/or documented incidents of fighting with a weapon, fighting without a weapon resulting in serious injury, or assault with serious injury within a twelve (12) month period requires confinement in Close custody. Inmates that actively participate in a structured behavior modification program will be considered for reduction after eighteen (18) months in Close. Those that refuse to participate in programming will be required to remain in Close for twenty-four (24) months.

- Assaultive behavior resulting in death of a victim will require at least thirty (30) months in Close custody.

**Escapes**

- Two (2) or more escapes from a secure facility within thirty-six (36) months may be reason for placing the inmate in Close custody for eighteen (18) months.

- Escape with hostages or serious personal injury requires confinement in Close for at least twenty-four (24) months.

**Detainers for Capital Offense**

Inmates with a detainer for a capital offense will be held in Close custody until the resolution of the offense. Inmates with a detainer for an offense that is likely to result in LWOP will be required to be placed in medium custody in a close custody facility. Placement into Close custody under these circumstances is a matter of internal security and does not imply any presumption of guilt.

<u>Time in Restrictive Housing Prior to Close Custody</u> - Confinement in restrictive housing prior to reclassification will be credited toward the required Close custody placement time.

<u>Remaining in Close</u> - Justification for remaining in Close custody shall be documented by Semi-Annual and Annual Reviews.

<u>Reductions from Close to Medium</u> - May be recommended by the IRHRB upon completion of the minimum required time in Close custody and if the inmate has a

*ADOC Male Classification Manual*
*Revised January 2018*

29 | Page

SEP 28 2018

# 12 HOUR ADVANCE NOTIFICATION OF
# PENDING RECLASSIFICATION

TO: BRYAN BLOUNT        225319           B/M              9/26/2018
    NAME                AIS #            R/S              DATE

**Notice of Reclassification:** This is to inform you that on the 26 day of SEPTEMBER, 20 18, you will meet a reclassification team to be considered for change in custody and/or institutional assignment because:

On 9/19/2018 you were mistakenly reduce to medium by the Asst. Director of Classification. After discussing the situation with her it was determined that you should remain in close custody for a total of 30 months. The classification manual states, "Assaultive behavior resulting in death of a victim will require at least thirty (30) months in Close custody." While housed at Elmore, on 12/21/17, you received a disciplinary for rv#906-assault on an inmate. On 11/13/17, the victim in this incident was transported to an outside hospital due to serious injuries. On 11/30/17, an investigation determined that you assaulted the victim. The victim in this incident did pass. Therefore, it is recommended your custody return to close.

This is not a disciplinary hearing. A reclassification team will review this matter and recommend changes, if needed, in your current placement and/or custody. At the reclassification meeting you will be given an opportunity to be heard, to present witnesses and to present documentary evidence.

_____ CS           9/26/18              _____ CO
NAME OF SERVING OFFICER                 DATE                 WITNESS

I understand that this is my notice of a reclassification meeting to determine changes in placement and/or custody. I have been given the opportunity to call witnesses in my behalf and have received a copy of this notice on  9/26/18  at  3:57p
                       DATE                 TIME

                         _____   225319
                         SIGNATURE OF INMATE          AIS #

WITNESSES REQUESTED BY INMATE:
_____     BB      NONE

DISTRIBUTION: INMATE/FILE

I waive my 12 hour notice without any coercion. _____

# DUE PROCESS HEARING MINUTES

SEP 23 2018

DATE: 9-26-18     TIME: 3:45p

INMATE: Bryan Blount     AIS# 225319     R/S: B/m

HEARING OFFICER: Sgt. McGilber

PRESENTING EVIDENCE FOR THE STATE: Ms. Estell

The hearing was called to order and the purpose of the Hearing was explained to Inmate Blount.

Presenting evidence for the State, Estelle, reported as follows: assault an inmate which result in death

Written statement/documentation, evidence submitted: an IR EIMCF-17-03033

The inmate was then asked if he had anything to say on his behalf or in way of explanation as he replied as follows: If guilty of homicide I would like to be charged with homicide so he can fight it in court.

Both sides were given an opportunity to ask questions: Will he be remove from close once he got a positive outcome from court. We will send that paperwork to CBD to determine if you can be remove off or close custody.

The decision was as follows: to go to close custody until required time to do

I have been advised of the decision /s/ Bryan Blount
Inmate Signature/Date

The hearing was adjourned.

Form32

ALABAMA DEPARTMENT OF CORRECTIONS
CLASSIFICATION SUMMARY         SEP 28 2018         CLAS001

AIS #: 00225319        NAME: BLOUNT, BRYAN ALEXANDER        RACE: B    SEX: M
EARNING STATUS   PROHIBITED FROM EARNING GOODTIME.
CLASSIFYING INSTITUTION IS -    ST. CLAIR CORRECTIONAL FAC.
RECOMMENDED CUSTODY IS - Close _____ APPROVED CUSTODY IS - Close
RECOMMENDED INST IS - St. Clair _____ APPROVED PLACEMENT IS - St. Clair

PRESENT WORK    ASSIGNMENT                          NEW WORK ASSIGNMENT
PRIMARY -
SECONDARY -
PROGRAM PARTICIPATION -

WAIVER OF CRITERIA REQUESTED FOR -
JUSTIFICATION AND COMMENTS -
Re-class-On 9/19/2018 inmate Blount was mistakenly reduce to medium by the Asst. Director of Classification. After discussing the situation with her it was determined that inmate Blount should remain in close custody for a total of 30 months. The classification manual states, "Assaultive behavior resulting in death of a victim will require at least thirty (30) months in Close custody." While housed at Elmore, on 12/21/17, received a disciplinary for rv#906-assault on an inmate.. On 11/13/17, the victim in this incident was transported to an outside hospital due to serious injuries. On 11/30/17, an investigation determined that inmate Blount assaulted the victim. The victim in this incident did pass. Therefore, it is recommended that inmate Blount's custody return to close.

CLASSIFICATION SPECIALIST    DATE          CLASSIFICATION CO-ORDINATOR    DATE       Pick s1
                           9/26/18                                      10/2/18    Close/SLS
PSYCHOLOGIST                 DATE          CENTRAL REVIEW BOARD           DATE
                           9-26-2018
WARDEN OR REPRESENTATIVE     DATE          CENTRAL REVIEW BOARD           DATE
                           9-26-18
INMATE                       DATE          CENTRAL REVIEW BOARD           DATE

HCL-MH1 - 2/2022 parole date