IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRYAN BLOUNT, AIS #225319, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-cv-970-WHA |
| | ) | (wo) |
| COMMISSIONER CULLIVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (doc. 56), and the Plaintiff's objections thereto (doc. 59).

Following an independent evaluation and *de novo* review of the file in this case, the court finds the objections to be without merit and due to be overruled.

Plaintiff Bryan Blount brings suit against Commissioner Grantt Culliver, Angie Baggett, Vivian Ollison, Warden Joseph H. Headley, Warden Mary Cooks, and Captain Charles McKee ("the Defendants"). The Plaintiff brings claims for violations of due process and for cruel and unusual punishment.

The Plaintiff's claims stem from discipline he received for assault of an inmate, Billy Smith ("Smith"), while incarcerated at Elmore Correctional Facility. The Plaintiff claims that the Defendants falsely accused him of assaulting Smith to cover up officers' actions, imposed administrative disciplinary sanctions against Plaintiff for the assault at a procedurally deficient hearing, and wrongfully reclassified Plaintiff based upon the improper disciplinary sanctions.

The Magistrate Judge entered a Report and Recommendation in which he recommends granting Defendants' motion for summary judgment on the basis of qualified immunity as to Blount's due process and Eighth Amendment claims.

The Plaintiff raises two primary objections to the Recommendation: (1) the Magistrate Judge erred in finding that Defendants were entitled to qualified immunity on Plaintiff's due process claims because a genuine dispute exists as to whether Defendants presented sufficient evidence showing that he was afforded sufficient due process at his disciplinary hearing; and (2) the Magistrate Judge erred in finding that Defendants were entitled to qualified immunity on Plaintiff's Eighth Amendment claims because Defendants allegedly knew of Plaintiff's poor cell conditions and Defendants purposefully framed Plaintiff for the assault of the inmate. The Plaintiff also attempts to challenge his current conditions of confinement.

With regard to his due process claim, the Plaintiff argues that because he was found guilty of the disciplinary solely based upon information taken from a confidential informant who was not investigated to determine credibility, his due process rights were violated.

The Supreme Court has held that a decision of a prison disciplinary board need only be supported by "some evidence." *Young v. Jones*, 37 F.3d 1457, 1459 (11th Cir. 1994) (*quoting Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the

conclusion reached by the disciplinary board." *Id.* (*quoting Hill*, 472. U.S. at 455-56). (internal quotations omitted).

During Plaintiff's disciplinary hearing, the hearing officer asked the investigating officer questions relating to the credibility of the confidential source. *See* Doc. 38-16 at 5. The disciplinary report includes the following statement of the arresting officer's testimony at the hearing: "On 11/30/17 at approximately 9:00am, [Arresting Officer, W.M. Burks ("Burks")], received information that [Plaintiff] assaulted inmate Billy Smith on November 13, 2017. The information that [Burks] received was from several confidential sources that have been used in the past and proven reliable. [Burks] also received additional information to corroborate the confidential sources information. The information uncovered during [Burks'] investigation has given the confidential source no reason to give false information. [Burks'] source information is reliable." *Id.* The report further notes that Plaintiff requested three witnesses to testify, that the witnesses voluntarily declined to appear, and that each witness provided a written statement "denot[ing] no direct knowledge of this incident." *Id.*

In this case, upon review of the record, the court concludes that there was sufficient evidence to satisfy the "some evidence" standard. *See Young*, 37 F.3d at 1459 (holding that the hearing officer's determination was supported by some evidence, including testimony that the confidential informant had been reliable in the past).

Regarding Plaintiff's claims asserted under the Eighth Amendment, in his objection, Plaintiff reasserts the argument that Defendants intentionally subjected him to cruel and unusual punishment because, in attempting to hide the assault of the inmate Smith by

officers, Defendants fabricated evidence and wrongfully confined Plaintiff in close custody. Plaintiff challenges the Magistrate Judge's finding that Plaintiff provided no evidence showing that Defendants had knowledge of Plaintiff's alleged poor conditions, but provides only a conclusory statement in support of his argument. Doc. 59 at 12-13. For the reasons set forth in the Recommendation, there is no showing that Defendants fabricated evidence with the intent to place Plaintiff in close custody or that any named defendant was aware of unsafe or cruel conditions or that they recklessly or deliberately disregarded them.

Insofar as Plaintiff again attempts to assert conditions of confinement claims arising in four different institutions of confinement from 2017 through 2018, these claims are not properly considered. In Plaintiff's recently filed motions for leave to amend (Docs. 50, 51), Plaintiff asserts certain conditions of confinement claims that were not alleged in his amended complaint. In the Recommendation, the Magistrate Judge addressed these claims and reasoned that because this case has been ripe for over two years and because Plaintiff failed to show why he was prevented from asserting these claims in his 2018 amended complaint, the Plaintiff's motions should be denied. (Doc. 56 at 21). This court agrees.

Finally, Plaintiff challenges the constitutionality of being returned to close custody after Defendant Baggett erroneously recommended Plaintiff be reduced to "medium/general population" custody. Plaintiff's objections, however, rely upon the alleged capriciousness of being placed in close custody. For the reasons set forth above, relating to Plaintiff's initial hearing, Plaintiff received the due process he was entitled to receive and further, as noted in the Recommendation, Plaintiff was provided notice and a

hearing on the return to close custody.  Plaintiff's claims of denial of due process when being returned to close custody are, therefore, without merit.

Accordingly, it is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge.

3.  The motion for summary judgment (doc. 38) is GRANTED and the case dismissed without prejudice.

A separate Judgment will be entered.

Done this 19th day of January, 2022.

                                 /s/ W. Harold Albritton  
                                W. HAROLD ALBRITTON  
                                SENIOR UNITED STATES DISTRICT JUDGE