IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRYAN BLOUNT, <br> AIS #225 319, <br>     Plaintiff, <br> v. <br> COMMISSIONER CULLIVER, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:18-CV-970-WHA-CSC <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Plaintiff's notice of appeal (Doc. 62), which is considered as containing a motion to proceed on appeal *in forma pauperis* and a motion for certificate of appealability. For the reasons that follow, the Court concludes Plaintiff's motions are due to be denied.

28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, the Court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (per curiam). Applying these standards, the Court is of the opinion, for the reasons as stated in the Order of January 19, 2022 (Doc. 60), that Plaintiff's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See e.g. Rudolph v. Allen*, 666 F.2d 519 (11th Cir. 1982).

Accordingly, it is

**ORDERED** that the appeal in this cause is certified, under 28 U.S.C. § 1915(a), as not taken in good faith, and the motion for leave to appeal *in forma pauperis* and motion for a certificate of appealability (Doc. 62) are hereby **DENIED**.

It is further

**ORDERED** that, under the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915 (as amended), Plaintiff is required to pay the requisite $505 fee for filing this notice of appeal. Accordingly, it is

**ORDERED** that:

1. If the funds in Plaintiff's prison account exceed $505, those persons having custody of Plaintiff shall forward to the Clerk of this Court the $505 appellate filing fee.

2. If the funds in Plaintiff's prison account are less than $505, those persons having custody of Plaintiff shall --

>   (A) make an initial partial payment to this court equal to the greater of the following amounts:
>
>>   (a) 20% of the average monthly deposits to Plaintiff's account for the 6-month period immediately preceding the date Plaintiff filed his notice of appeal; or
>>
>>   (b) 20% of the average monthly balance in Plaintiff's account for the aforementioned 6-month period.
>
>   (B) make additional monthly payments of 20% of each preceding month's income credited to Plaintiff's account until the balance of the $505 fee is paid. These additional monthly payments shall be deducted from Plaintiff's prison account each time the amount in this account exceeds $10 until the $505 filing fee is paid in full.

3. Where the appellate court enters a judgment against Plaintiff for payment of costs at the conclusion of the appeal, including any unpaid portion of the required $505 filing fee, those persons having custody of Plaintiff shall continue making monthly payments to this court in accordance with the installment plan outlined in ¶ 2(B) until the full amount of the ordered costs is paid.

To aid those persons having custody of Plaintiff in complying with the requirements of this order, the Clerk is **DIRECTED** to furnish a copy of this Order to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that if Plaintiff is transferred to another prison or detention facility, he/she shall furnish this order to the appropriate official at the institution where Plaintiff is transferred so the custodial agency can assume the duties of collecting and forwarding any remaining monthly payments to this court.

Plaintiff is advised that if, before he has paid the $505 filing fee, the appellate court disposes of his appeal—by dismissing the appeal for lack of jurisdiction, want of prosecution, or because it is frivolous, or by deciding the appeal on the merits—he remains obligated to pay the $505 filing fee. The filing fee will be collected from any funds which become available to Plaintiff and will be forwarded to this court by those persons having custody of Plaintiff pursuant to the directives in this Order.

Done, this 11th day of February 2022.

    /s/   W. Harold Albritton
W. HAROLD ALBRITTON
UNITED STATES DISTRICT JUDGE